IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADAM LEE RICHEY,                    §
TDCJ No. 2342089,                   §
                                    §
            Plaintiff,              §
                                    §
V.                                  §          No. 3:21-cv-1012-X-BN
                                    §
ERIC HOLDEN, ET AL.,                §
                                    §
            Defendants.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Adam Lee Richey, a Texas prisoner, brings this *pro se* action against several polygraphers, alleging fraud based on the defendants' refusal "to provide [Richey] with any and all polygraph exam results, charts or reports." Dkt. No. 5 (amended complaint). Richey attaches an affidavit to his complaint in which he states that he is "currently incarcerated at the Collin County Detention Facility … because of all of the lies and fraudulent reports, statements and exams." Dkt. No. 5-1 at 4. He also attaches to his complaint filings from a criminal proceeding against him in Collin County, *see State v. Richey*, No. 199-82479-2017 (199th Dist. Ct., Collin Cnty., Tex.), including the State's petition to enter a final adjudication of guilty and the final order adjudicating guilt, both of which list violations of the conditions of Richey's community supervision, including that he "failed to submit to polygraph testing as recommended"; that he failed "to complete a third attempt at a maintenance

polygraph"; and that he failed to retake a polygraph he failed initially. Dkt. No. 5-2.[1]

Richey filed this case in the Sherman Division of the Eastern District of Texas, and, after it was transferred to this judicial district and division under 28 U.S.C. § 1404(a), *see* Dkt. No. 11, United States District Judge Brantley Starr referred Richey's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court dismiss this case without prejudice for the reasons set out below.

First, although he cites 28 U.S.C. § 1331, Richey has not established the Court's subject matter jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack

---

[1] *See also Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015) ("Under Texas law, 'a judge may defer the adjudication of guilt of particular defendants and place them on "community supervision" if they plead guilty or *nolo contendere*.' *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010) (citing TEX. CODE CRIM. P. art. 42.12, § 5(a)). If the defendant violates a condition of his community supervision, the court holds a hearing to determine whether it should impose a judgment of guilt. *Id.* If the court convicts the defendant, it also sentences him. *Id.*").

the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Richey chose to file his lawsuit in federal court, so it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633,

636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

By citing Section 1331, Richey seems to understand that, at least because all parties named in this action are alleged to be citizens of Texas, jurisdiction cannot lie under Section 1332.

But federal question jurisdiction only "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))). "[T]his 'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

The only substantial question of federal law plausible from the amended complaint is that the polygraphers' alleged acts of fraud violated Richey's civil rights,

presumably because those acts contributed to the state court's finding that Richey violated his terms of supervision.

Indeed, the Eastern District of Texas, in transferring this case, observed that it was a "civil rights lawsuit pursuant to 42 U.S.C. § 1983." Dkt. No. 11 at 1.

But "'Section 1983 liability [only] results when a "person" acting "under color of" state law, deprives another of rights "secured by the Constitution" or federal law.'" *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (quoting *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016) (quoting, in turn, 42 U.S.C. § 1983)).

To state a claim under claim under Section 1983, "a plaintiff must allege facts showing that he has been 'deprived of a right secured by the Constitution and the laws of the United States,' and that the deprivation was caused by a person or persons 'acting under color of state law.'" *Burroughs v. Shared Hous. Ctr.*, No. 3:15-cv-333-N-BN, 2015 WL 4077216, at *2 (N.D. Tex. June 17, 2015) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)), *rec. accepted*, 2015 WL 4089756 (N.D. Tex. July 6, 2015).

And where a plaintiff "does not allege facts demonstrating that [a defendant] acted under color of state law," he also fails "to plead and establish subject-matter jurisdiction based on the existence of a federal question." *E.g.*, *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of

complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

Richey has not alleged facts to show that the polygraphers are state actors. *See, e.g.*, *Loyd v. Prendergast*, Civ. A. No. 08-cv-02182-PAB-KMT, 2009 WL 2514175, at *6-*9 (D. Colo. Aug. 13, 2009).

In *Loyd*, the district court first observed that the United States Supreme Court

> has articulated four different tests for determining whether a private party's actions are "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928, 937 (1982). In all the tests for state action, the required inquiry is fact-specific. *Gallagher[ v. "Neil Young Freedom Concert*," 49 F.3d 1442, 1448 (10th Cir. 1995)]. The Supreme Court has not clearly stated "[w]hether these different tests are actually different in operation or simply different ways of characterizing the necessarily fact-bound inquiry that confronts the Court in such a situation." *Lugar*, 457 U.S. at 939.
>> In applying the four tests for state action, the Supreme Court has established a number of important general principles. First, the existence of governmental regulation of a private entity, standing alone, does not provide the required nexus between government and private party action. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Jackson[ v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974)]. Similarly, the fact that a private entity contracts with the government to provide services or products or receives governmental funds or other kinds of governmental assistance does not automatically transform the conduct of that entity into state action. *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-42 (1982); *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 544 (1987) ("The Government may subsidize private entities without assuming constitutional responsibility for their actions."). Finally, "[m]ere approval of or acquiescence in the initiatives" of a private party is not sufficient to justify holding the State responsible for those initiatives. *Blum*, 457 U.S. at 1004-05.

*Id.* at *7.

Unlike Richey, Loyd alleged a nexus between the polygraphers and the State, "that they were hired by some unspecified state entity to administer polygraph tests if requested to do so and to report on the results of the tests." *Id.* But the district court rejected this as a basis to find that the polygraphers' actions were fairly attributable to the State: "There is no allegation that the state or any state agency exercised any coercive control over the Polygraph Defendants or that the Polygraph Defendants were asked to do anything other administer a test to the Plaintiff and accurately report the results. Therefore, the Polygraph Defendants cannot be held as state actors pursuant to the nexus test." *Id.*

Next, Richey has not alleged facts to show that there is a symbiotic relationship between the defendants here and the State. *See id.* at *8 ("The essence of a symbiotic relationship is some sort of interdependence between the private entity and the government body. There is no bright-line rule for determining whether a symbiotic relationship exists between a government agency and a private entity, however there is no allegation in this case of any kind that the State has insinuated itself into the operations of the Defendant corporation or its employees at all." (citation omitted)).

Similarly, Richey has alleged no facts to show that the defendants engaged in a joint activity with the State. *See id.* ("Unlike the symbiotic relationship inquiry, the focus of this test is not on long-term interdependence between the state and a private entity but instead whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. This test is sometimes employed in cases involving allegations that private citizens acted in concert with

police officers in making arrests, for instance." (citations omitted).

And there is no credible argument that administering a polygraph exam is a power "traditionally exclusively reserved to the State." *Id.* at *9 (citation omitted).

But, even if the Court accepts that Richey has shown that the defendants acted under color of state law to deprive him of a right secured by the Constitution or federal law, the Court still could not act on Richey's claims under Section 1983.

Under the Prison Litigation Reform Act, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Civil claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)); *see also Hamilton v. Lyons*, 74 F.3d

99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

Similar to civil claims tied to the revocation of parole, insofar as Richey's civil claims also implicate that a state court determined that he failed to comply with the conditions of his community supervision – including as to polygraph examinations; revoked that supervision as a result; adjudicated his guilt; and sentenced him to prison, his civil claims are subject to the rule in *Heck*. *See Thompson v. Tex. Parole & Pardons*, No. 3:20-cv-848-K-BK, 2020 WL 7327989, at *2 (N.D. Tex. Sept. 25, 2020) ("The *Heck* bar also applies to claims for damages related to constitutional violations stemming from parole revocation proceedings, as well as claims for declaratory and injunctive relief. In the case of parole revocation, the Section 1983 action is subject to dismissal under *Heck* absent a showing that the confinement resulting from the parole revocation has been invalidated by a state or federal court…. Therefore, unless and until [the plaintiff's] parole revocation is called into question by[, for example,] a federal writ of habeas corpus, [he] cannot maintain a civil action for damages, declaratory or injunctive relief that essentially seeks to undermine his parole revocation." (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam); *Almendarez v. Huddleston*, 434 F. App'x 397, 397-98 (5th Cir. 2011) (per curiam))), *rec. accepted*, 2020 WL 7321349 (N.D. Tex. Dec. 11, 2020); *Webb v. Owen*, No. A-05-CA-233-LY, 2006 WL 8440724, at *7 (W.D. Tex. Sept. 20, 2006) ("*Heck* applies to proceedings

which call into question the fact or duration of parole. Plaintiff has questioned the validity of his confinement resulting from his parole-revocation hearing, and he has not alleged the Board's decision has been reversed, expunged, set aside, or called into question as *Heck* mandates. Therefore, Plaintiff's claims challenging the revocation of his parole" – including "that he was denied the right to have his own polygraph examiner, that he or his attorney was not provided a copy of the November 2004 polygraph charts prior to the revocation hearing, [and] that the hearing officer refused to allow Plaintiff's attorney to question the polygraph examiner about the November 2004 charts" – "are barred by *Heck*." (citations omitted)), *aff'd*, 308 F. App'x 775, 775-76 (5th Cir. 2009) (per curiam) ("The district court properly held that Webb's claim that he was denied his right to choose his own polygraph examiner was barred under *Heck*."); *Vega v. Oakes*, Civ. A. No. 17-442, 2017 WL 2730499, at *3 (W.D. Pa. June 2, 2017) ("We find that under the facts as alleged in the Complaint, if Plaintiff were to succeed in establishing that the polygraph test violated his constitutional rights, with the necessary consequence that his probation was revoked and a sentence of incarceration was imposed, then such success would necessarily call into question his current sentence given the but-for-causal connection between the allegedly unconstitutional polygraph test and the revocation of probation." (collecting cases)).

But, to be clear, a *Heck* "dismissal 'do[es] not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal" – like one for lack of subject matter jurisdiction – "without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (quoting *Johnson v. McElveen*, 101 F.3d

423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

## Recommendation

The Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE